UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHANNON V. DIPASQUALE, | ) | |
| | ) | |
| Plaintiff, | ) | Case Number: 16 c 2839 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, an Illinois municipal corporation; CHICAGO POLICE DEPARTMENT, a department within the CITY OF CHICAGO, an Illinois municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | Plaintiff demands trial by jury |

## COMPLAINT

NOW COMES the Plaintiff, SHANNON V. DIPASQUALE (a/k/a KLUJKA) (hereinafter referred to as Plaintiff) by and through her counsel, The Sherwood Law Group and The Law Offices of Albert F. Ferolie, P.C. and complaining of the Defendants, CITY OF CHICAGO, an Illinois municipal corporation (hereinafter referred to as CITY); CHICAGO POLICE DEPARTMENT, a department within the CITY OF CHICAGO, an Illinois Municipal corporation (hereinafter referred to as CPD), and each of them, states as follows:

## JURISDICTION AND VENUE

1. That this suit is brought and jurisdiction lies pursuant to 28 U.S.C. §§1337 and 1343(4) and 42 U.S.C §2000e-5(f). This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990, as amended (hereinafter referred to as the ADA);

2. That all acts of discrimination alleged herein were committed within the Northern District of Illinois and venue is proper within this District and Division pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1391;

## PARTIES

3. That Plaintiff is a female citizen of the United States and the State of Illinois, and at all times relevant to this complaint, was a resident of Cook County, Illinois;

4. That Defendant City is a municipal corporation organized under the laws of the State of Illinois

5. That the Defendant CPD is a department of the Defendant City and is the policing agent for the Defendant City;

6. That at all times relevant in this complaint, Plaintiff was an "employee" of Defendants, and each of them, within the meaning of the ADA and began her employment as a Police Officer with the Defendant CPD and/or City in August 2001 and

2

currently is assigned to District 008, Detailed to Unit 376, commonly referred to as the Alternate Response Section;

7. That at all times relevant in this complaint, Defendants and each of them, were "employers" as that term is defined under the ADA;

8. That at all times relevant the Plaintiff had a disability due to a meniscal tear to her right knee and as defined under the ADA;

## ADMINISTRATIVE PROCEDURES

9. That on or about November 20th, 2015, Plaintiff timely filed a "Charge of Discrimination" with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission (hereinafter the "EEOC"), Charge Number 440-2016-00475 against the Defendants, and each of them. A copy of the charge is attached and incorporated herein as Exhibit A.

10. That on or about December 11th, 2015, Plaintiff received the Notice of Right to Sue from the EEOC for Charge Number 440-2016-00475, entitling her to commence action within ninety (90) days of her receipt of the Notice, a copy of which is attached hereto and incorporated by reference as Exhibit B.

11. That the Complaint and Request for Jury Trial in this matter was filed within said ninety (90) days of receipt of the aforementioned EEOC Notice of Right to Sue.

## FEDERAL CLAIMS

Disability

12. That after the Plaintiff began her employment with the Defendants, and each of them, she injured her right knee in an "injury on duty" (hereinafter referred to as an IOD) incident on or about November, 2008;

13. That subsequent to said injury, Plaintiff was returned to work, full duty and on January 2010, suffered re-occurring injury to the same knee in an IOD incident;

14. That said injury was another meniscal tear which required another arthroscopic procedure on the right knee with a lateral release;

15. That on or about July 6th, 2010, the Plaintiff was returned to full duty with the Defendants, and each of them;

16. That on or about July 8th, 2011, Plaintiff again injured her right knee in an IOD incident, requiring cartilage implantation of the right knee on or about February 2012;

17. That as of July 25th, 2012, Plaintiff had exhausted all of her 365 days off on IOD status pursuant to the Defendants' policies and procedures and could not return to work as a full duty police officer;

18. That on or about October 30th, 2012, again pursuant to the policies and procedures of her Defendant employers, and each of them, Plaintiff was awarded "duty disability";

19. That on or about April 30th, 2015, Plaintiff was deemed fit by the Police Pension Board to return to work;

4

20. That in June of 2015, the plaintiff returned to work at the Defendant employers, and each of them, in the capacity of limited duty;

Detective Examination

21. That in 2004, the Plaintiff took the Defendants, and each of theirs, "Detective Examination";

22. That upon information and belief, there has not been another "Detective Examination" given to date;

23. That pursuant to the Defendants, and each of their policies and procedures, this test result and ranking, from the aforementioned Detective Examination, is the primary determining factor in order to be promoted to the positon of Detective from a Police Officer;

24. That the Plaintiff ranked 219 of over 2,000-3,000 participants who took the Detective Examination;

25. That between December 2012 and September 2015, the Detective Promotions occurred 4 times, each time using the results/rankings from the 2004 test to promote Police Officers;

26. That upon information and belief, as of September 21st, 2015, the list was at #585;

27. That upon information and belief, of the members of the list that took the Detective Examination in 2004, detective positions were offered to 584 Police Officers, however, not to Plaintiff who was ranked #219;

Discriminatory Act
Disparate Treatment

28. That upon information and belief, the Detective Examination and Selection Procedures, Employee Resource E05-07, issued October 15th, 2004 and current as of June 2015, instructs the Defendants, and each of them, on selecting a Police Officer to be a Detective;

29. That the Plaintiff is and was qualified for all aspects of this procedure except Outline of the Selection Process, Section IV, (E) (1) of the Detective Examination and Selection Procedures;

30. That relevant portions of that section states, "At the time of appointment, applicants must be in a full duty status and must be able to perform the essential functions of the BIS Detective position to which they have accepted appointment.";

31. That the Sworn Limited Duty Program, Employee Resource E03-01-03, Section II, Eligibility Requirements, B (3) states in its relevant part, "Eligible members approved for limited duty status will be required to: *3. Safely effectuate an arrestee who is defined as a an active resister in the Chicago Police Department Use of Force Model outlined in the Department directive entitled 'Use of Force Guidelines' (emphasize added)*;

32. That the Defendants, and each of them, rejected Plaintiff being promoted from Police Officer to Detective, in September of 2015, due to this provision of the aforementioned Eligibility Requirements;

33. That there are and have been similarly situated Police Officers that have been promoted to Detective who are not disabled and yet are and were not able to perform Eligibility Requirements B (3);

34. That Plaintiff was treated differently in her work place in relation to promotions because of her disability in violation of the ADA;

35. That Plaintiff was treated differently in her work place as aforementioned because of her disabilities and retaliated against for engaging in protected activity in violation of the ADA (See Exhibit A), including but not limited to being denied a promotion when non-disabled IOD Police Officers have been promoted to the rank of Detective and are and were unable to perform Eligibility Requirements B (3);

Discriminatory Act
Denial of Accommodations

36. That the current Eligibility Requirement, B (3), violates the ADA by denying disabled IOD Police Officers accommodations in relation to promoting them to Detectives, who are otherwise able to perform all aspects of the Eligibility Requirements in the Detective Examination and Selection Procedures, except Sworn Limited Duty Program, II Eligibility Requirements, B (3);

37. That the Defendants, and each of them, are in violation of the ADA for their failure to accommodate an otherwise capable and eligible Detective Candidate, Plaintiff;

38. That by the conduct described hereinabove, the Defendants, and each of them, have willfully and intentionally, with malice or reckless disregard of the Plaintiff's

7

rights as an employee, engaged in unlawful and discriminatory employment practices in treating the Plaintiff with different terms and conditions as other similarity situated employees, including but not limited to denying her reasonable accommodations to relation to Eligibility Requirements B (3); denying her a promotion when other less qualified non-handicapped applicants could not pass Eligibility Requirements, B (3), all in violation of the ADA;

39. That as a direct and proximate result of the aforementioned wrongful and discriminatory practices performed by the Defendants, by and through their duly authorized agents, servants and or employees, Plaintiff has suffered and continues to suffer lost wages, lost benefits and other pecuniary damages;

40. That as a direct and proximate result of the aforementioned wrongful and discriminatory practices performed by the Defendants, by and through their duly authorized agents, servants and or employees, Plaintiff has experienced substantial damages for mental anguish, emotional distress, loss of enjoyment of life, and other nonpecuniary losses;

WHEREFORE, the Plaintiff, SHANNON V. DIPASQUALE, requests the judgment of this Court against the Defendants, CITY OF CHICAGO, a an Illinois municipal corporation; CHICAGO POLICE DEPARTMENT, a department therein of the Defendant, CITY OF CHICAGO, an Illinois municipal corporation, as follows:

A. Award the Plaintiff compensatory damages, including a promotion to Detective, pecuniary and non-pecuniary damages in an amount to be determined at the trial of this matter;

B.  Award the Plaintiff his attorney fees, including litigation expenses and the costs of this action;

C.  Award the Plaintiff punitive damages in an amount to be determined at the trial in this matter;

D.  Grant such other relief as may be just and proper.

## JURY REQUEST

The Plaintiff, SHANNON V. DISPASQUALE, by her counsel, The Law Offices of Albert F. Ferolie, P.C. and The Sherwood Law Group, hereby requests a trial by jury on all issues hereinabove, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

The Law Offices of Albert F. Ferolie, P.C.

s/Albert F. Ferolie
Attorney for Plaintiff

s/Jason Sherwood
Attorney for the Plaintiff

THE LAW OFFICES OF ALBERT F. FEROLIE, P.C.
218 N. Jefferson Street
Suite 401
Chicago, IL. 60661
312-715-0255
ARDC #: 6197037

Sherwood Law Group
218 N. Jefferson Street
Suite 401
Chicago, Il. 60661
312-627-1650
ARDC: 6285163

9

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2016-00475 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Shannon V. Dipasquale
**Home Phone** (Incl. Area Code): (773) 704-2368
**Date of Birth**: 07-01-1976
**Street Address**: 5930 S. Merrmac Ave, Chicago, IL 60638

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: CHICAGO POLICE DEPARTMENT
**No. Employees, Members**: 500 or More
**Phone No.**: (312) 745-5103
**Street Address**: 3510 S Michigan Ave, Chicago, IL 60652

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest — Latest: 09-21-2015
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or about August 27, 2001. My current position is Police Officer. Respondent is aware of my disability. I was on Detective promotional list. Subsequently, on or about September 21, 2015, I was not promoted.

I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Nov 20, 2015
*Date* — *Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 161 (11/09)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Shannon V. Dipasquale<br>5930 S. Merrmac Ave<br>Chicago, IL 60638 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]    On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2016-00475 | Daniel Acosta,<br>Investigator | (312) 869-8141 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)     _____Julianne Bowman_____     12-7-15
                     Julianne Bowman,          (Date Mailed)
                     District Director

cc:   Eileen Geary, Esq.
      Chief Assist. Corporation Counsel
      City of Chicago Dept. of Law
      CHICAGO POLICE DEPARTMENT
      30 North LaSalle St. - Room 1040
      Chicago, IL 60602-2580

